NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUAN A., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, I.T., *Appellees.*

No. 1 CA-JV 16-0156
FILED 11-1-2016

Appeal from the Superior Court in Maricopa County
No.   JD 510779
The Honorable James P. Beene, Judge

**AFFIRMED**

COUNSEL

Gates Law Firm, LLC, Buckeye
By S. Marie Gates
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1          Juan A. (Father) appeals the court's termination of his parental rights to his daughter, I.T.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2013, Arizona Department of Child Safety (DCS) initiated dependency proceedings as to Father, alleging that I.T. was dependent due to neglect.  After the issue of dependency was submitted to the court, I.T. was found dependent.  DCS filed a severance action in December 2015, alleging as grounds for termination the length of time in an out-of-home placement.

¶3          After a contested severance hearing, the court took the matter under advisement and terminated Father's rights on the grounds that I.T. had been in an out-of-home placement for fifteen months or longer.[1]  The court further determined Father failed to remedy the circumstances resulting in placement and a substantial likelihood existed Father would remain incapable of providing effective parental care and control in the near future despite DCS' "diligent efforts to provide reunification services."  The court also found DCS proved by a preponderance of the evidence the severance was in I.T.'s best interests.

¶4          Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1 and -2101.A (West 2016).[2]

---

[1]     The court terminated Mother's rights to I.T., but she is not a party to this appeal.

[2]     We cite to the current version of applicable statutes absent any change material to this decision.

**DISCUSSION**

¶5        Father argues the court erred in terminating his parental rights "because his housing [and] employment situation wasn't what [DCS] thought it should be" and further contends that "it is not in [I.T.]'s best interest to be separated from her biological father."[3]

¶6        A parent-child relationship may be terminated when a court finds at least one of the statutory grounds for severance and determines that severance is in the child's best interests.  A.R.S. § 8-533.B; *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous.  *Id.*  A severance will be upheld unless there is no evidence to sustain the court's ruling.  *Id.*  Under A.R.S. § 8-533.B.8(c), a parent's rights may be terminated when a child has been placed out of home

> for a cumulative total period of fifteen months or longer[,] . . . the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future.

**I.        Ground for Severance**

        A.        Time in an Out-of-Home Placement

¶7        At the contested severance hearing, the DCS case manager testified that I.T. had been in DCS care for over thirty-five months.  Father did not dispute I.T.'s length of time in DCS care at the severance hearing or on appeal.

        B.        Inability to Remedy Circumstances Resulting in Placement

¶8        The court considers the circumstances at the time of severance in determining whether the conditions resulting in a child's removal have been cured.  *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22

---

3        Father's counsel fails to direct this court to any authority or cite to evidence in the record supporting his arguments on appeal.  Nonetheless, we review the entire record for error, as a parent's right to control and custody of his child is a fundamental, constitutional right.  *See Matter of Maricopa Cty., Juv. Act. No. JA 33794*, 171 Ariz. 90, 91 (App. 1991).

(App. 2007). The court must find the parent is "unable to remedy the circumstances that cause[d] the child to be in an out-of-home placement." A.R.S. § 8-533.B.8(c). As part of its analysis, the court must take into account the reunification services provided by DCS. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 17 (App. 2009).

¶9        As grounds for dependency, DCS alleged that Father neglected I.T. by failing to provide stable housing or financial support. According to the case manager, although Father obtained housing as of December 2015, three months before the severance hearing, "[h]e would need to maintain this particular residence for a substantial period of time in order to consider it stable." The DCS case manager also testified Father received drug testing and treatment, along with parent aid referrals, and Father does not dispute the adequacy of DCS services.

¶10       Furthermore, Father was required to obtain stable employment as part of the case plan; the first time he presented any evidence of employment was at the severance hearing. The pay stub Father presented at the March 2016 hearing to prove employment was from January 2015. Additionally, Father admitted his employment was temporary. As a result, the DCS case manager concluded Father "has been unable to provide a safe environment or a stable home, and financial means in order to [provide for] the daily needs of his child on a consistent basis" for the previous thirty-five months, and thus failed to cure the circumstances leading to I.T.'s out-of-home placement. Lastly, against the advice of his DCS case manager, Father left Arizona for a job for "three or four months," during which time he had only phone visits with I.T.

¶11       Finding that "Father's first and only submission of documentary evidence to substantiate his employment occurred just prior to the initiation of the hearing" and the evidence submitted "is not from Father's current employer," the court concluded "that Father's *de minimus* effort[] at remediation does not negate the fact that [I.T.] has been in an out-of-home placement for over three (3) years and Father has only begun [to] address his unstable employment and housing issues." The court found that even with DCS' appropriate reunification efforts, Father's employment and living situation remained unstable.

> C.        Likelihood of Inability to Exercise Proper and Effective Care

¶12       In addition to finding Father unable to remedy the circumstances resulting in the out-of-home placement, the court must also find DCS proved by clear and convincing evidence that Father will be

unable to properly parent in the near future. *See Jordan C.*, 223 Ariz. at 98, ¶ 36. As a result of Father's inconsistent employment and housing, I.T. remained in DCS care and the case manager concluded a substantial likelihood Father would remain incapable of exercising parental care and control in the near future existed. The court agreed, finding Father had been unable to provide the basic necessities for I.T. for almost three years and lacked the "necessary parental skills to properly and effectively care for [I.T.] in the near future." Because evidence in the record supports the grounds for termination, we find no error.

## II. Best Interests Determination

**¶13** "Whether severance is in the child's best interests is a question of fact for the juvenile court to determine." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002). A court's best interests determination must consider whether the child would benefit from termination or, in the alternative, whether continuation of the parent-child relationship would be harmful. *Mary Lou C.*, 207 Ariz. at 50, ¶ 19. Existence of an adoptive plan is sufficient evidence that termination would result in a benefit. *Id.* (citation omitted).

**¶14** At the time of severance, I.T. resided in a licensed foster home with her half-brother. According to the DCS case manager, the placement had cared for the children during the dependency proceedings, and met I.T.'s "physical, social, educational, medical, psychological and emotional needs." The court heard testimony that I.T. and her half-brother have special needs and are bonded. I.T.'s foster parent testified I.T. and her half-brother had never been apart for more than twenty-four hours and to separate them would be detrimental to both children. Her foster parent further testified he was prepared to adopt I.T.

**¶15** The court concluded that I.T. would benefit from termination of Father's parental rights, finding that "compelling testimony . . . established that [I.T.] and [her] half-sibling would suffer extreme trauma if separated from one another." Because evidence in the record supports the court's determination, we find no error.

**CONCLUSION**

¶16     For the foregoing reasons, we affirm the court's severance of Father's rights to I.T.

